# Exhibit A

Filed       24-CI-00386    11/21/2024      Wendy Flanary, Harlan Circuit Clerk

DOCUMENT

PM

NOT ORIGINAL

12/20/2024 05:03:26

86546

COMMONWEALTH OF KENTUCKY
26th JUDICIAL CIRCUIT
HARLAN CIRCUIT COURT
CIVIL ACTION NO: 24-CI-_____

DANNY CASTLE,                                                          PLAINTIFF,

VS.

BODDIE-NOELL ENTERPRISES, INC.,                                       DEFENDANTS.

SERVE:        C T CORPORATION SYSTEM
              306 W MAIN STREET, SUITE 512
              FRANKFORT, KY 40601

MICHAEL BROWN
              SERVE:    MICHAEL BROWN
                        SECOND STREET
                        HARLAN, KENTUCKY 40831

UNKNOWN DEFENDANTS

              SERVE:        Via WARNING ORDER

---

**COMPLAINT**

---

     Comes now the Plaintiff, Danny Castle, (hereinafter "Castle"), an individual, by and through the undersigned counsel of record, Russell D. Alred, and in support of his claims herein against Boddie-Noell Enterprises, Inc., Michael Brown and any unknown Defendants, does hereby state as follows:

Presiding Judge: HON. KENT HENDRICKSON (626341)

COM : 000001 of 000005

NOT ORIGINAL
DOCUMENT
12/20/2024 05:03:26
PM

## JURISDICTION

86546

1. Plaintiff, Danny Castle, (hereafter Castle) at all times mentioned herein was and is a resident of Commonwealth of Kentucky, with an address of PO Box 175, Harlan, Kentucky 40831.

2. That the Defendant, Boddie-Noell Enterprises, Inc., a foreign corporation operating a business in Harlan, Kentucky, with a Registered Agent for service of process at C T Corporation System, 306 W Main Street, Suite 512, Frankfort, Kentucky 40601, owns, operates and maintains the "Hardee's" restaurant in the city of Harlan, Kentucky and is responsible for maintaining all aspects of the restaurant business including maintaining the facility premises in a safe manner to be free from all hidden dangers and hazards to their customers.

3. Defendant, Michael Brown, is a citizen and resident of Harlan, Kentucky who is employed by Boddie-Noell Enterprises, Inc. and was so during all dates, times, and events alleged in this complaint. It is believed he was operating a pressure washer in a dangerous and unsafe manner, not taking proper steps to assure the safety of customer Castle, creating hidden dangers and traps that resulted in very serious and permanent injuries to Castle.

4. That the Unknown Defendant(s), address unknown and are joined in the event any unknown Defendants become known after the filing of this complaint; to be served via Warning Order Attorney.

5. The actions, statements, acts, omissions and errors that are a part of this civil action occurred within, Commonwealth of Kentucky, more particularly, Harlan County, Kentucky.

## ALLEGATIONS AND CAUSES OF ACTION

6. That on or about the 8th day of June, 2024, and within Harlan County, Kentucky, located at 1548 S. Us HWY 421 Bypass, Harlan, Kentucky 40831 at approximately 9:45 am, Plaintiff, Castle, was an invitee attempting to exit the Hardee's restaurant after having purchased a coffee, when he was caused to fall by a hidden danger and dangerous conditions on the premises of the

Filed          24-CI-00386    11/21/2024          Wendy Flanary, Harlan Circuit Clerk

NOT ORIGINAL
DOCUMENT
12/20/2024 05:03:26
PM

Hardee's as a result of a pressure washer that was being operated by a
Hardees employee believed to be Michael Brown, as well as other dangerous
and hidden dangers allowed to exist or were created by the Defendants
herein. There were no caution signs or warnings of the multiple hidden
dangers that were in the exit doorway and just outside the doorway. The
hoses and cord were black in color and not readily visible, along with the clear
water on the ground from the pressure washer was not visible on the ground,
as well as a slick and dangerous film that had accumulated in the doorway as a
result of the Hardee's employees that gather outside the doorway to smoke
cigarettes, all creating multiple hidden dangers. These dangerous events were
created by the defendants, with their knowledge and without any type of
warning to Castle. The Defendants clearly should not have been operating the
pressure washer in such a manner under these conditions and with no warning
signs of the dangerous tripping hazard, and other hidden dangers and hazards,
creating a very dangerous hidden obstruction to the exit. Clearly it was
foreseeable by the defendants that a person walking in the area could be
tripped or caused to fall by these hidden dangers, and result in serious physical
injury.  As a result of these dangerous conditions, Castle fell and suffered
serious and permanent injuries.   Defendants obviously knew or should have
known of the dangerous situation and did not correct it or safely and properly
instruct employees to take the necessary precautions to warn Castle of the
danger.

7. Castle, was  seriously and permanently injured in aforementioned incident,
and the incident being directly and proximately caused by Defendants, Boddie-
Noell enterprises, Inc.'s, and Michael Brown's negligence, carelessness,
recklessness, gross negligence and wanton disregard for the safety of others.

8. That as a direct and proximate result of Defendants, Boddie-Noell Enterprises,
Inc.'s and Michael Brown's aforesaid negligence, carelessness, recklessness,
gross negligence and wanton disregard for the safety of others causing the
aforementioned incident, Castle, as a direct and proximate result of the
incident at issue, suffered injuries consisting of, but not limited to severe,
permanent, and painful bodily injuries, anguish of mind, emotional distress,
bruises, contusions, and strain and tears to all and/or some of the muscles of
his body, broken bones; the injuries suffered by Plaintiff have greatly impaired
his health, strength, and activity and have thereby caused and continued to

Presiding Judge: HON. KENT HENDRICKSON (626341)

COM : 000003 of 000005

Filed          24-CI-00386        11/21/2024       Wendy Flanary, Harlan Circuit Clerk

NOT ORIGINAL
DOCUMENT

12/20/2024 05:03:26
PM

cause him great mental, physical and nervous pain and suffering as well as extreme shock to Plaintiff's nervous system; the Plaintiff is therefore informed and does hereby believe that he has and will suffer some disability from these injuries; and in the future will be caused to suffer each of the foresaid within reasonable medical probability; all of these injuries creating damage to Plaintiff in excess of $10,000.00 and in no event are said damages less than the jurisdictional minimums of this court.

9. It is further alleged that the defendants' conduct, in addition to the previous allegations, was carried out by the defendants both with a flagrant indifference to the rights of the plaintiff and with a subjective awareness that such conduct will result in bodily harm.

10. Additionally, and as a continued direct and proximate result of the Defendants' aforementioned actions, Plaintiff is undergoing treatment for the aforementioned injuries which have incurred and will continue to incur in the future medical expenses in excess of 10,000.00 and in no event are said damages less than the jurisdictional minimums of this court;

**WHEREFORE**, Plaintiff, Danny Castle, prays for a Judgment against the Defendants, Boddie-Noell Enterprises, Inc. and Michael Brown and all Unknown Defendant(s) as well as for the following relief:

1. For General Damages in excess of a substantial amount and not less than the minimum jurisdictional financial limits of this court.

2. For Special Damages in excess of a substantial amount and not less than the minimum jurisdictional financial limits of this court.

3. For Compensatory Damages in a substantial amount and not less than the minimum jurisdictional financial limits of this court.

4. For Damages suffered as a result of bodily injuries, anguish of mind, emotional distress, past, present and future and medical expense, past,

Presiding Judge: HON. KENT HENDRICKSON (626341)

COM : 000004 of 000005

NOT ORIGINAL
DOCUMENT

present and future and pain and suffering resulting from the injuries
received in the incident at issue herein past, present and future.

5.  For Punitive damages;

6.  For a trial by jury;

7.  For attorney fees and court costs;

8.  For pre-judgment interest, where appropriate;

9.  For such other and further relief that the court may deem proper.

This the 21st day of November 2024.

/s/ Russell D. Alred

Hon. Russell D. Alred
PO Box 288
Harlan, Kentucky 40831
Telephone: (606) 573-1920
Counsel for Plaintiff
Danny Castle

Filed          24-CI-00386    11/21/2024          Wendy Flanary, Harlan Circuit Clerk

NOT ORIGINAL
DOCUMENT

12/20/2024 05:03:55
PM

86546

COMMONWEALTH OF KENTUCKY
26th JUDICIAL CIRCUIT
HARLAN CIRCUIT COURT
CIVIL ACTION NO: 24-CI-_____

DANNY CASTLE,                                                                    PLAINTIFF,

VS.

BODDIE-NOELL ENTERPRISES, INC.,                                              DEFENDANTS.

SERVE:        C T CORPORATION SYSTEM
              306 W MAIN STREET, SUITE 512
              FRANKFORT, KY 40601

MICHAEL BROWN

SERVE:    MICHAEL BROWN
          SECOND STREET
          HARLAN, KENTUCKY 40831

UNKNOWN DEFENDANTS

SERVE:        Via WARNING ORDER

●●●●●●●●●●●●●●●●●●●●●●●●●●●●●●●●●●●●●●●●●●●●●●●●●●●●●●●●●●●●●●●●●●●●●●●●

**AFFIDAVIT FOR WARNING ORDER ATTORNEY**

●●●●●●●●●●●●●●●●●●●●●●●●●●●●●●●●●●●●●●●●●●●●●●●●●●●●●●●●●●●●●●●●●●●●●●●●

Comes now the Affiant, Russell D. Alred, and after being duly sworn states the following:

That there being an unknown Defendant(s) in the above referenced action, there needs to

be a Warning Order appointed to serve UNKNOWN Defendant(s), I am requesting that a

Presiding Judge: HON. KENT HENDRICKSON (626341)

AFW : 000001 of 000002

Filed          24-CI-00386          11/21/2024          Wendy Flanary, Harlan Circuit Clerk

NOT ORIGINAL
DOCUMENT
12/20/2024 05:03:55
PM
86546

Warning Order Attorney be appointed as requested in the Complaint in the above referenced matter.

**FURTHER, AFFIANT SAITH NAUGHT**

I, Russell D. Alred state that I have read the statements contained herein and they are true and correct to the best of my knowledge and belief.

/s/ Russell D. Alred
Russell D. Alred
P. O. Box 288
Harlan, Kentucky 40831
606-573-1920

**STATE OF KENTUCKY**

COUNTY OF HARLAN

SUBSCRIBED SWORN AND ACKNOWLEDGE before me by Russell D. Alred on this 21st day of November, 2024.

/s/ Janice Michelle Stamper
NOTARY PUBLIC

MY COMMISSION EXPIRES 04/30/2026  KYNP# 47332

Presiding Judge: HON. KENT HENDRICKSON (626341)

AFW : 000002 of 000002



AOC-E-105  Sum Code: CI
Rev. 9-14

Commonwealth of Kentucky
Court of Justice    *Courts.ky.gov*

CR 4.02; Cr Official Form 1

**CIVIL SUMMONS**

Case #:  **24-CI-00386**   ~~ORIGINAL~~
Court:  **CIRCUIT**
County:  **HARLAN**

DOCUMENT

12/20/2024 05:04:16 PM

86546

---

*Plantiff,* **CASTLE, DANNY ALVIN VS. BODDIE-NOELL ENTERPRISES, INC. ET AL**, *Defendant*

TO:  **BODDIE-NOELL ENTERPRISES, INC.**

 **CT CORPORATION SYSTEM**

 **306 W. MAIN STREET, SUITE 512**

 **FRANKFORT, KY 40601**

Memo:  Registered Agent of Service exists.

The Commonwealth of Kentucky to Defendant:

You are hereby notified that a **legal action has been filed against you** in this Court demanding relief as shown on the document delivered to you with this Summons. **Unless a written defense is made by you or by an attorney on your behalf within twenty (20) days** following the day this paper is delivered to you, judgment by default may be taken against you for the relief demanded in the attached complaint.

The name(s) and address(es) of the party or parties demanding relief against you or his/her (their) attorney(s) are shown on the document delivered to you with this Summons.

*Wendy Flanary*

Harlan Circuit Clerk
Date: **11/21/2024**

Presiding Judge: HON. KENT HENDRICKSON (626341)

---

## Proof of Service

This Summons was:

☐ Served by delivering a true copy and the Complaint (or other initiating document)

To: _____

☐ Not Served because: _____

Date: _____, 20 _____

_____
Served By

_____
Title

CI : 000001 of 000001

---

Summons ID: @00000100815
CIRCUIT: 24-CI-00386 Certified Mail
CASTLE, DANNY ALVIN VS. BODDIE-NOELL ENTERPRISES, INC. ET AL



Page 1 of 1

**eFiled**

AOC-E-105    Sum Code: CI
Rev. 9-14

Commonwealth of Kentucky
Court of Justice    *Courts.ky.gov*

CR 4.02; Cr Official Form 1



**CIVIL SUMMONS**

Case #: **24-CI-00386** ~~ORIGINAL~~
Court: **CIRCUIT**
County: **HARLAN**

12/20/2024 12:15:54 PM

86546

---

*Plantiff,* **CASTLE, DANNY ALVIN VS. BODDIE-NOELL ENTERPRISES, INC. ET AL**, *Defendant*

TO:  **C T CORPORATION SYSTEM, INC.**
**306 W. MAIN STREET**
**SUITE 512**
**FRANKFORT, KY 40601**

Memo: Related party is BODDIE-NOELL ENTERPRISES, INC.

The Commonwealth of Kentucky to Defendant:
**BODDIE-NOELL ENTERPRISES, INC.**

You are hereby notified that a **legal action has been filed against you** in this Court demanding relief as shown on the document delivered to you with this Summons. **Unless a written defense is made by you or by an attorney on your behalf within twenty (20) days** following the day this paper is delivered to you, judgment by default may be taken against you for the relief demanded in the attached complaint.

The name(s) and address(es) of the party or parties demanding relief against you or his/her (their) attorney(s) are shown on the document delivered to you with this Summons.

*Wendy Flanary*

Harlan Circuit Clerk
Date: **11/21/2024**

*Presiding Judge: HON. KENT HENDRICKSON (626341)*

---

## Proof of Service

This Summons was:

☐ Served by delivering a true copy and the Complaint (or other initiating document)

To: _____

☐ Not Served because: _____

Date: _____, 20 _____        _____
                                                                   Served By

                                                         _____
                                                                        Title

*CI : 000001 of 000001*

---

Summons ID: @00000100816
CIRCUIT: 24-CI-00386 Certified Mail
CASTLE, DANNY ALVIN VS. BODDIE-NOELL ENTERPRISES, INC. ET AL



Page 1 of 1

**eFiled**

AOC-E-105    Sum Code: CI
Rev. 9-14



Commonwealth of Kentucky
Court of Justice    *Courts.ky.gov*

CR 4.02; Cr Official Form 1

Case #: **24-CI-00386**    ~~ORIGINAL~~
Court: **CIRCUIT**
County: **HARLAN**

# CIVIL SUMMONS

*Plantiff,* **CASTLE, DANNY ALVIN VS. BODDIE-NOELL ENTERPRISES, INC. ET AL**, *Defendant*

TO:  **MICHAEL BROWN**
     **2ND STREET**
     **HARLAN, KY 40831**

The Commonwealth of Kentucky to Defendant:

You are hereby notified that a **legal action has been filed against you** in this Court demanding relief as shown on the document delivered to you with this Summons. **Unless a written defense is made by you or by an attorney on your behalf within twenty (20) days** following the day this paper is delivered to you, judgment by default may be taken against you for the relief demanded in the attached complaint.

The name(s) and address(es) of the party or parties demanding relief against you or his/her (their) attorney(s) are shown on the document delivered to you with this Summons.

*Wendy Flanary*

Harlan Circuit Clerk
Date: **11/21/2024**

---

## Proof of Service

This Summons was:

☐ Served by delivering a true copy and the Complaint (or other initiating document)

To: _____

☐ Not Served because: _____

Date: _____ , 20 _____     _____
                                        Served By

                                        _____
                                        Title

Presiding Judge: HON. KENT HENDRICKSON (626341)

CI : 000001 of 000001

Summons ID: @00000100817 , HARLAN COUNTY SHERIFF
CIRCUIT: 24-CI-00386 Sheriff Service
CASTLE, DANNY ALVIN VS. BODDIE-NOELL ENTERPRISES, INC. ET AL

    Page 1 of 1

**eFiled**

NOT ORIGINAL
DOCUMENT
12/20/2024 12:16:48 PM
86546
package : 000002 of 000011

AOC-E-105    Sum Code: CI
Rev. 9-14

Commonwealth of Kentucky
Court of Justice    Courts.ky.gov

CR 4.02; Cr Official Form 1



**CIVIL SUMMONS**

Case #: **24-CI-00386**
Court: **CIRCUIT**
County: **HARLAN**

---

*Plantiff,* **CASTLE, DANNY ALVIN VS. BODDIE-NOELL ENTERPRISES, INC. ET AL**, *Defendant*

TO:  **MICHAEL BROWN**
     **2ND STREET**
     **HARLAN, KY 40831**

RECEIVED

NOV 22 2024

BY:

The Commonwealth of Kentucky to Defendant:

You are hereby notified that a **legal action has been filed against you** in this Court demanding relief as shown on the document delivered to you with this Summons. **Unless a written defense is made by you or by an attorney on your behalf within twenty (20) days** following the day this paper is delivered to you, judgment by default may be taken against you for the relief demanded in the attached complaint.

The name(s) and address(es) of the party or parties demanding relief against you or his/her (their) attorney(s) are shown on the document delivered to you with this Summons.

Wendy Flanary

Harlan Circuit Clerk
Date: **11/21/2024**

Presiding Judge: HON. KENT HENDRICKSON (626341)

---

## Proof of Service

This Summons was:

☒ Served by delivering a true copy and the Complaint (or other initiating document)

To: _Michael Brown_

☐ Not Served because:

Date: _11-22_ , 20_24_

_____
Served By

_CHKF_ _____
Title

Summons ID: @00000100817 , HARLAN COUNTY SHERIFF
CIRCUIT: 24-CI-00386 Sheriff Service
CASTLE, DANNY ALVIN VS. BODDIE-NOELL ENTERPRISES, INC. ET AL

CI : 000001 of 000001

COR : 000001 of 000001

 

COMMONWEALTH OF KENTUCKY
HARLAN CIRCUIT COURT
CIVIL ACTION NO. 24-CI-00386
====Electronically Filed====

DANNY CASTLE                                                                      PLAINTIFF

VS.                                    **ANSWER**

BODDIE-NOELL ENTERPRISES, INC.;


MICHAEL BROWN

and

UNKNOWN DEFENDANTS                                                      DEFENDANTS


* * * * * * * * * *

Defendants, Boddie-Noell Enterprises, Inc. and Michael Brown, by

counsel, for their Answer to the Complaint of Plaintiff, Danny Castle, state as

follows:

### FIRST DEFENSE

The Plaintiff's Complaint fails to state a claim against Defendants upon

which relief may be granted.

### SECOND DEFENSE

1.      Defendants are without sufficient knowledge or information to either

admit or deny the averments contained in paragraph 1 of Plaintiff's Complaint,

and therefore, deny same.

2.      With respect to the averments contained in Paragraph 2 of the

Complaint, Defendants admit the averments regarding Boddie-Noell Enterprises,

Inc. being a foreign corporation, and it owned and operated the Hardee's

restaurant in the city of Harlan.  The remaining averments contained in Paragraph 2 of the Complaint are improperly pled conclusions of law to which no responsive pleading is permitted or required.

3.      With respect to the averments contained in Paragraph 3 of the Complaint, Defendants admit only that Defendant, Michael Brown, is a resident of Harlan, Kentucky and is employed by Boddie-Noell Enterprises, Inc. The Defendants deny the remaining averments contained in Paragraph 3 of the Complaint.

4.      The averments contained in Paragraph 4 of the Complaint are conclusions of law to which no responsive pleading is permitted or required.

5.      With respect to the averments contained in Paragraph 5 of the Complaint, Defendants admit the incident involving Plaintiff occurred in Harlan County, Kentucky.

6.      With respect to the averments contained in Paragraph 6 of the Complaint, Defendants admit only that an incident involving Plaintiff occurred on or about June 8, 2024.  Defendants deny the remaining averments contained in Paragraph 6.

7.      Defendants deny the averments contained in Paragraphs 7, 8, 9 and 10 of Plaintiff's Complaint.

8.      Defendants specifically deny all the averments contained in the Plaintiff's Complaint not previously admitted herein, including all prayers for relief, all prayers for compensation, all prayers for punitive damages, and any other item not expressly admitted.

### THIRD DEFENSE

Defendants state that the Plaintiff's claims and damages as alleged in the Complaint, if any, were the sole result of his own negligence, and Defendants plead and rely upon the same as a partial and/or complete bar to the claims asserted in the Complaint.

### FOURTH DEFENSE

Defendants state that the claims and damages as alleged in Plaintiff's Complaint, if any, were due to a pre-existing condition and/or conditions over which Defendants had absolutely no responsibility or control.

### FIFTH DEFENSE

Defendants state that the claims and damages as alleged in Plaintiff's Complaint, if any, were the result of the negligence and/or other conduct of some third party or parties for which Defendant has absolutely no responsibility or control.

### SIXTH DEFENSE

Defendants state that the damages and injuries complained of by Plaintiff, if any, were caused and brought about solely by a superseding and intervening cause, not under the control of Defendants, and/or were caused and brought about solely by the negligence of a third party not identified in Plaintiff's Complaint, and Defendants plead and rely upon the same as a complete bar to the Plaintiff's Complaint.

Filed          24-CI-00386    12/11/2024          Wendy Flanary, Harlan Circuit Clerk

### SEVENTH DEFENSE

Defendants state that Plaintiff has failed to mitigate his damages, if any, which are specifically denied.

### EIGHTH DEFENSE

Plaintiff's claims are precluded by the doctrines of waiver and estoppel.

### NINTH DEFENSE

Any and all alleged hazards about which Plaintiff complains were open and obvious and/or reasonably ascertainable by him and, as such, Defendants had no obligation to warn, rectify, or correct said hazards. Alternatively, Defendants had no notice of the alleged hazard and did not have sufficient time to discover the alleged hazard before Plaintiff encountered it.

### TENTH DEFENSE

The claim for punitive damages should be dismissed because any punitive damage award under Kentucky Law, without bifurcating the trial and trying the punitive damage issues if and only if liability is found upon the merits, would violate the Defendants' due process rights as guaranteed by the fourteenth Amendment of the Constitution of the United States and the due process provisions of the Constitution of the Commonwealth of Kentucky.

### ELEVENTH DEFENSE

Defendants hereby reserve all rights and defenses afforded to them pursuant to CR 12.08, and all rights pursuant to CR 15 to subsequently amend this answer in order to clarify or add, if necessary, any such affirmative defenses or any other defenses appurtenant to this action during the course of this

4

Filed          24-CI-00386    12/11/2024          Wendy Flanary, Harlan Circuit Clerk

73C7AC99-18AB-45EB-BD80-7A50003BCBC5 : 000004 of 000006

ANS : 000004 of 000006

litigation.   Defendants hereby reserve the right to raise additional third party claims in the future.

WHEREFORE, Defendants pray that Plaintiff's Complaint be dismissed and held for naught; for their costs herein expended; and for any and all other relief to which they may appear entitled, including a TRIAL BY JURY.

This the 11th day of December, 2024.

Respectfully submitted,

RHOADS & RHOADS, P.S.C.

/s/Christopher L. Rhoads
Christopher L. Rhoads
115 East Second Street, Suite 100
P. O. Box 2023
Owensboro, KY  42302-2023
Telephone: (270) 683-4600
Facsimile: (270) 683-1653
COUNSEL FOR DEFENDANTS

## CERTIFICATE OF SERVICE

This will certify that a true and correct copy of the foregoing Answer was served by first class mail, postage prepaid, on this the 11th day of December, 2024, upon the following:

Russell D. Alred, Esq.
P.O. Box 288
Harlan, Kentucky 40831
ATTORNEY FOR PLAINTIFF

/s/Christopher L. Rhoads
Christopher L. Rhoads

73C7AC99-18AB-45EB-BD80-7A50003BCBC5 : 000006 of 000006

ANS : 000006 of 000006

Filed          24-CI-00386    12/12/2024          Wendy Flanary, Harlan Circuit Clerk

COMMONWEALTH OF KENTUCKY
26th JUDICIAL DISTRICT
HARLAN CIRCUIT COURT
CIVIL ACTION NO. 24-CI-00386

DANNY CASTLE                                              PLAINTIFF


V.


BODDIE-NOELL ENTERPRISES, INC

MICHAEL BROWN

And UNKNOWN DEFENDANTS,                          DEFENDANTS.

---

NOTICE AND MOTION TO SET DISCOVERY
DEADLINES AND DATE CERTAIN JURY TRIAL AND FOR
AN ORDER DIRECTING MEDIATION ONCE PRELIMINARY
DISCOVERY COMPLETE

---

<u>NOTICE</u>

Please take notice that the foregoing will be brought on for hearing before the

Harlan Circuit Court on the 9th day of January, 2025 at the hour of 9:00 a.m.  or as

soon thereafter as the parties may be heard.

**<u>MOTION</u>**

Filed          24-CI-00386    12/12/2024          Wendy Flanary, Harlan Circuit Clerk

Comes now, the Plaintiff, Danny Castle, by and through counsel, and moves the court to enter an order setting discovery deadlines and a date certain for jury trial in the above matter.  Further, the Plaintiff, moves the court to enter an order directing the parties to mediate the above matter once preliminary discovery complete.

Respectfully Submitted,

*/s/Russell D. Alred*
Russell D. Alred
Attorney for Plaintiff
P. O. Box 288
Harlan, Kentucky 40831
(606) 573-1920

## **CERTIFICATE OF SERVICE**

I, hereby state that on this 12th day of December 2024, the preceding Notice and Motion was served via US mailed, first class, postage prepaid to the following:

Christopher L. Rhoads
Rhoads & Rhoads, P.S.C.
115 East Second Street, Suite 100
Owensboro, Kentucky 42302-2023
Counsel for Defendants

*/s/Russell D. Alred*
Russell D. Alred
Attorney For Plaintiff

NOT ORIGINAL

12/20/2024 12:17:07 PM

86546

**COMMONWEALTH OF KENTUCKY**
**26TH JUDICIAL CIRCUIT**
**HARLAN CIRCUIT COURT**
**CIVIL ACTION NO. 24-CI-00386**

**DANNY CASTLE,**                                        **PLAINTIFF**

**VS.**

**BODDIE-NOELL ENTERPRISES, INC, ET AL,**            **DEFENDANTS.**

*****************************************************************************************

**NOTICE OF FILING OF INTERROGATORIES AND REQUESTS FOR PRODUCTION OF DOCUMENTS PROPOUNDED TO DEFENDANT**

*****************************************************************************************

Comes now the Plaintiff, Danny Castle, by and though Counsel, and provides Notice of Filing of Plaintiff's Interrogatories, and Requests For Production of Documents propounded to the Defendant, Boddie-Noelle Enterprises, Inc. pursuant to the Civil Rules.

This the 17th day of December, 2024.

Respectfully submitted,

*/s/Russell D. Alred*
Russell D. Alred
P.O. Box 288
Harlan, Kentucky 40831
606-573-1920
Counsel for Plaintiff

NF : 000001 of 000002

Filed          24-CI-00386   12/17/2024          Wendy Flanary, Harlan Circuit Clerk

NOT ORIGINAL
DOCUMENT
12/20/2024 12:17:07
PM
86546

## CERTIFICATE OF SERVICE

I, certify that on this 17th day of December 2024 a true and correct copy of the foregoing Notice of Filing was served via U.S. Mail, Postage Prepaid, or via electronic means upon the following:

Hon. Christopher L. Rhoads
115 East Second Street, Suite 100
P.O. Box 2023
Owensboro, Kentucky 42302-4600
Chris@rhoadsandrhoads.com

Counsel for Defendant,
BODDIE-NOELLE ENTERPRISES, INC.

*/s/Russell D. Alred*
Russell D. Alred
Counsel for Plaintiff

NF : 000002 of 000002

NOT ORIGINAL

12/20/2024 12:17:23 PM

86546

DOCUMENT

PM

**COMMONWEALTH OF KENTUCKY**
**26TH JUDICIAL CIRCUIT**
**HARLAN CIRCUIT COURT**
**CIVIL ACTION NO. 24-CI-00386**

**DANNY CASTLE,**                                                          **PLAINTIFF**

**VS.**

**BODDIE-NOELL ENTERPRISES, INC, ET AL,**                 **DEFENDANTS.**

\*\*\*\*\*\*\*\*\*\*\*\*\*\*\*\*\*\*\*\*\*\*\*\*\*\*\*\*\*\*\*\*\*\*\*\*\*\*\*\*\*\*\*\*\*\*\*\*\*\*\*\*\*\*\*\*\*\*\*\*\*\*\*\*\*\*\*\*\*\*\*\*\*\*\*\*

**INTERROGATORIES AND REQUESTS FOR PRODUCTION OF**
**DOCUMENTS PROPOUNDED TO DEFENDANT**

\*\*\*\*\*\*\*\*\*\*\*\*\*\*\*\*\*\*\*\*\*\*\*\*\*\*\*\*\*\*\*\*\*\*\*\*\*\*\*\*\*\*\*\*\*\*\*\*\*\*\*\*\*\*\*\*\*\*\*\*\*\*\*\*\*\*\*\*\*\*\*\*\*\*\*\*

Comes now the Plaintiff, by and through Counsel, and propounds the following Interrogatories and Requests for Production of Documents upon the Defendant, BODDIE-NOELL ENTERPRISES. These Interrogatories and production of documents should be answered completely and fully, in writing, under oath, and pursuant to the provisions of CR 33, and the Answers served upon the undersigned counsel within thirty (30) days.

If any Interrogatory requires the attachment of documents as part of the answer, the inquiry should be treated as a Request for Production pursuant to CR 34, and the party may either attach the requested documents to the Answer or may produce the documents for inspection and copying within thirty (30) days of service at the law Office of Russell D. Alred, P.O. Box 288, 101 South Main Street, Harlan, Kentucky 40831.

INT : 000001 of 000008

Filed          24-CI-00386   12/17/2024          Wendy Flanary, Harlan Circuit Clerk

NOT ORIGINAL
DOCUMENT
12/20/2024 12:17:23
PM                                                                  86546

If any Interrogatory requires an affirmative or denial response, including, but not limited to "yes" or "no" the inquiry should be treated as a Request for Admission pursuant to CR 36. The request shall be admitted unless answering party serves a written answer or objection within thirty(30) days.

## INTERROGATORIES/PRODUCTION OF DOCUMENTS

1. Please identify the person or persons responding to these Interrogatories on behalf of the Defendant and identify each person who has provided information in connection with these Interrogatories.

2. Identify the owner of the pressure washer which was in use the day the Plaintiff injured and its current location. Please state why the pressure washer was being used during regular business hours and directly in front of the entry and exit of the premises where the injury of Plaintiff took place. Further, please state the reason the area in front of the entry and exit had to be pressure washed. Do the employees of the defendant regularly use the area as a "smoke break" area to smoke cigarettes? Please state if the electrical cord to the pressure washer was stretched between the entry and exit doors next to the floor and ran into the building where it was plugged in? Were there any warning signs placed by the Defendant which gave a warning of the multiple hoses, cord and

Filed          24-CI-00386   12/17/2024          Wendy Flanary, Harlan Circuit Clerk

NOT ORIGINAL
DOCUMENT
12/20/2024 12:17:23
PM
86546

water that were all being placed in the entry/exit of the premises where the Plaintiff was injured?

3. Identify the party who was responsible for safety training of employees, any manuals or other materials used to train new employees or any employees, whether there is any ongoing or updated safety train for employees of defendant's Hardees in Harlan that is the subject of this litigation.

4. Identify any person not already named as a party to this lawsuit whom you contend caused or contributed to the occurrence complained of, including any architect, engineer, designer, contractor, subcontractor or others.

5. Identify each person with whom you are aware that:

   a. Witnessed the incident or the events occurring immediately before or after the incident; and/or who
   b. Heard any **statements** made about the incident by any individual at the scene.

6. Identify each employee with personal knowledge of the incident.

   a. For each such individual, identify his or her job title and job or function which was being performed by that individual at the time of the incident.

Filed          24-CI-00386   12/17/2024          Wendy Flanary, Harlan Circuit Clerk

Filed                    24-CI-00386        12/17/2024              Wendy Flanary, Harlan Circuit Clerk

DOCUMENT

PM

NOT ORIGINAL

12/20/2024 12:17:23

86546

7. Identify each person interviewed concerning the incident? For each such person, state:

    a.  The date of the interview

    b.  The substance of the interview.

If the interview was recorded and/or transcribed or in email form, a reproduction of the recording and/or transcript will suffice.

8. Identify each and every written report made by any person concerning the incident.

9. Please state, in your own words, what you believe happened to Plaintiff in regard to the allegations he has made in his complaint and include in your Answer the basis upon which you have formed that belief.

    a.  Identify each person (excluding your attorney) who provided you with information which enabled you to respond to this Interrogatory.

10.     Identify any insurance agreement(s) under which any insurance business may be liable to satisfy part or all of any judgment which may be entered in this action, or to indemnify or reimburse you for payments made to satisfy the judgment, including in your answer the amount and limits of any such liability insurance coverage.

INT : 000004 of 000008

Filed          24-CI-00386   12/17/2024        Wendy Flanary, Harlan Circuit Clerk

DOCUMENT

PM

NOT ORIGINAL

12/20/2024 12:17:23

86546

11.     Identify all persons whom you intend to call as expert witnesses at the trial of this case, and for each such expert, identify:

    a.  The subject matter on which he or she is expected to testify:

    b.  The substance of the facts and opinions to which he or she is expected to testify:

    c.  A summary of the grounds for each opinion to which he or she will testify;

    d.  The basis upon which he or she qualifies as an expert on the subject matter to which he or she is expected to testify.

12.     Please identify your correct legal entity and identify stating the date on which such entity was formed, the State of incorporation, the name(s) and address(es) of all officers, directors, general partners, limited partners and all other parties with any interest in your organization.

13.     Identify any previous or subsequent incidents of which you are aware which occurred in substantially the same manner as the incident complained of in this lawsuit.

14.     Identify in detail any changes that have been made by you, or anyone on your behalf, as to the physical site of the incident or as to any warnings or signs relating thereto since the occurrence in question.

INT : 000005 of 000008

Filed          24-CI-00386   12/17/2024          Wendy Flanary, Harlan Circuit Clerk

NOT ORIGINAL
DOCUMENT
12/20/2024 12:17:23
PM
86546

15.     Identify any procedures which you or your employees followed, at and before the time of the incident in question, concerning the inspection, cleaning and placement of warning signs where Plaintiff's injuries occurred.

16.     Identify any warnings, whether verbal or written (such as by a sign, or otherwise) which were given to the Plaintiff, specifically, and/or in general, before the injury complained of concerning the condition which caused or contributed to the incident complained of in this lawsuit.

17.     Identify any admission(s) or declaration(s) against interest which you contend was made by the Plaintiff following the incident in question.

18.     Identify the date on which you were first notified of the fact that the area where the Plaintiff fell was dangerous and patrons needed to be warned and which is the subject of this lawsuit and identify the manner by which you became aware of this information.

19.     At the time of Plaintiff's injury, do you contend that any person or entity other than you managed the premises on which Plaintiff alleges he was injured and, if so, state each and every fact on which you base the contention and identify each and every writing that supports the contention?

INT : 000006 of 000008

NOT ORIGINAL DOCUMENT

12/20/2024 12:17:23 PM

86546

20.     At the time of Plaintiff's injury, do you contend that any person or entity other than you and your employees and agents was responsible for the maintenance of the area on which Plaintiff alleges he was injured and, if so, state each and every fact on which you base your contention and identify each and every writing that supports the contention?

21.     Describe in detail any conversations any representative has had with the Plaintiff prior to or following the incident in question.

22.     What efforts were made by the Defendant to correct the condition which Plaintiff contends caused the occurrence in question after the incident in question?

23.     Please describe what training procedures, if any, are followed in the course of training of Defendant's employees with regard to preventing people from being injured from walking into hidden dangers caused by pressure washing during business hours. This includes any and all written material, slides, photographs, films, videotapes, etc. which Defendant utilizes in training its employees.

24.     Produce copies of the logs or written assignments or any other record for the number of times and who was assigned to cleaning the area where the Plaintiff was injured.

INT : 000007 of 000008

Filed 24-CI-00386 12/17/2024 Wendy Flanary, Harlan Circuit Clerk

NOT ORIGINAL
DOCUMENT
12/20/2024 12:17:23
PM
86546

25.      Please state if the Defendant and/ or Hardees has a policy concerning smoking on the premises. If so, please provide a copy of that policy.

Respectfully submitted,

*/s/Russell D. Alred*
Russell D. Alred
P.O. Box 288
Harlan, Kentucky 40831
606-573-1920
Counsel for Plaintiff

## **CERTIFICATE OF SERVICE**

I, certify that on this 17th day of December 2024 a true and correct copy of the foregoing was served via U.S. Mail, Postage Prepaid, or via electronic means upon the following:

Hon. Christopher L. Rhoads
115 East Second Street, Suite 100
P.O. Box 2023
Owensboro, Kentucky 42302-4600
chris@rhoadsandrhoads.com

Counsel for Defendant,
BODDIE-NOELLE ENTERPRISES, INC.

*/s/Russell D. Alred*
Russell D. Alred
Counsel for Plaintiff

INT : 000008 of 000008