UNITED STATES DISTRICT COURT
EASTERN DISTRICT OF KENTUCKY
SOUTHERN DIVISION
LONDON

| | |
|---|---|
| DANNY CASTLE, | ) |
| | ) |
| Plaintiff, | ) No. 6:24-CV-186-CHB-HAI |
| | ) |
| v. | ) |
| | ) RECOMMENDED DISPOSITION |
| BODIE-NOELL ENTERPRISES, INC., *et al.*, | ) |
| | ) |
| Defendants. | ) |
| | ) |

\*\*\* \*\*\* \*\*\* \*\*\*

This case was removed to federal court on the basis of diversity jurisdiction with an allegation that a non-diverse defendant had been fraudulently joined. D.E. 1. The undersigned herein recommends that Plaintiff Danny Castle's motion to remand (D.E. 8) be granted and the case be remanded to Harlan Circuit Court, as Plaintiff maintains a colorable basis for recovery against Defendant Michael Brown under Kentucky negligence law.

This case concerns alleged negligence by Defendants Bodie-Noell Enterprises, Inc. and Michael Brown that resulted personal injury to Plaintiff Castle. Plaintiff contends he slipped and fell due to a number of hazardous conditions in a Hardee's restaurant owned and operated by Defendant Bodie-Noell Enterprises. Defendant Michael Brown is alleged to have been "operating a pressure washer in a dangerous and unsafe manner, not taking proper steps to assure the safety of customer Castle, [and] creating hidden dangers and traps," resulting in the accident. D.E. 1-1 at 2.

This suit was filed in Harlan Circuit Court on November 21, 2024. *Id*. at 1. On December 20, 2024, Defendants removed the case to federal court on the basis of diversity jurisdiction. D.E. 1. Plaintiff moved to remand on December 27, 2024. D.E. 8. Defendant responded to the motion on January 17, 2025. D.E. 9. Plaintiff replied on January 28, 2025. D.E. 10. The motion was referred to the undersigned. D.E. 11.

Diversity jurisdiction exists if the amount in controversy exceeds $75,000 and there is complete diversity among parties. 28 U.S.C. § 1332. However, if a party destroying diversity is fraudulently joined, the case may still be heard. *Coyne v. American Tobacco Co.*, 183 F.3d 488, 493 (6th Cir. 1994). The amount-in-controversy in this case is not at issue. The parties agree that Plaintiff is a citizen of Kentucky, Defendant Bodie-Noell Enterprises is a foreign corporation, and Defendant Michael Brown is a citizen of Kentucky. D.E. 1 at 2. Defendants argue, though, that Defendant Brown does not destroy diversity because he was fraudulently joined. *Id.* at 2-4.

To prove fraudulent joinder, the removing party must show that the "plaintiff could not have established a cause of action against non-diverse defendants under state law." *Coyne*, 183 F.3d at 493. "[I]f there is a colorable basis for predicting that a plaintiff may recover against non-diverse defendants, [the] Court must remand the action to state court." *Id.* In other words, if Plaintiff's claims have even "a 'glimmer of hope,' there is no fraudulent joinder." *Murriel-Don Coal Co. v. Aspen Ins. UK Ltd.*, 790 F. Supp. 2d 590, 597 (E.D. Ky. 2011) (quoting *Hartley v. CSX Transp., Inc.*, 187 F.3d 422, 426 (4th Cir. 1999)). Any disputed issues of fact or state substantive law are resolved in favor of the non-removing party. *Id.* (citing *Alexander v. Electronic Data Sys. Corp.*, 13 F.3d 940, 949 (6th Cir. 1994)).

Kentucky negligence law governs the fraudulent joinder analysis in this case. To establish negligence in Kentucky, a plaintiff must first establish that the defendant owed the injured party a duty of care. *Illinois Cent. R. R. v. Vincent*, 412 S.W.2d 874, 876 (Ky. 1967). The parties contest whether Defendant Brown owed Plaintiff a duty of care. Defendants argue Brown owed no duty, stating he did not use the power washer on the date of Plaintiff's accident and had no managerial control over the premises. Whether Brown operated the power washer on the date of Plaintiff's injury is an issue of fact. As Defendants are attempting to remove the case, the Court must resolve factual issues, such as this one, in favor of Plaintiff.

Defendants suggest this case is similar to *Gayheart v. Wal-Mart, Inc.*, No. 7:18-cv-00096-GFVT, 2018 WL 6028702 (E.D. Ky. 2018). In *Gayheart*, the plaintiff sued a Wal-Mart employee after slipping in a puddle caused by a leaking ceiling. The Court found there was no colorable basis for recovery because the employee had no duty, and as such the employee was fraudulently joined. The employee did not have control of the ceiling and was not bound by state law to warn of the danger that he did not create. *Id.* at *3. However, in this case, the complaint does not allege Brown was liable as a manager or because the conditions existed in an area under his control. The complaint alleges Brown was "was operating a pressure washer in a dangerous and unsafe manner, not taking proper steps to assure the safety of customer Castle, creating hidden dangers and traps that resulted in very serious and permanent injuries to Castle." D.E. 1-1 at 3.

Under Kentucky law, "every person owes a duty of care to every other person to exercise ordinary care in his activities to prevent foreseeable injury." *James v. Wilson*, 95 S.W.3d 875, 891 (Ky. Ct. App. 2002) (citing *Grayson Fraternal Order of Eagles v.*

3

*Claywell*, 736 S.W.2d 328 (Ky. 1987)) (defining Kentucky's "duty of care"); *see also Gas Service Co., Inc. v. City of London, Ky.*, 687 S.W.3d 144, 148 (Ky. 1985).  Given this requisite standard of care, applicable to all regardless of their control over an area, Plaintiff maintains a colorable basis for recovery against Brown.  Considering all factual disputes in favor of Plaintiff as the non-removing party, Brown could be found liable for failing to exercise ordinary care in operating the power washer, or preventing the creation of other hazards, which led to Plaintiff's foreseeable slip and fall.  This colorable basis for recovery defeats Defendants's claim of fraudulent joinder.

For these reasons, the undersigned hereby **RECOMMENDS** that Plaintiff's motion for remand (D.E. 8) be **GRANTED** and this matter be **REMANDED** due to lack of jurisdiction.

Any objection to this recommendation must be asserted in response to this Recommended Disposition. The Court directs the parties to 28 U.S.C. § 636(b)(1) and Federal Rule of Civil Procedure 72(b) for appeal rights and mechanics concerning this Recommended Disposition, issued under subsection (B) of the statute. Within **fourteen days** after being served with a copy of this decision, any party may serve and file specific written objections to any or all findings or recommendations for determination, *de novo*, by the District Judge. Failure to make a timely objection consistent with the statute and rule may, and normally will, result in waiver of further appeal to or review by the District Court and Court of Appeals. *See Thomas v. Arn*, 474 U.S. 140 (1985); *United States v. Wandahsega*, 924 F.3d 868, 878 (6th Cir. 2019).

This the 5th day of February, 2025.

Signed By:
Hanly A. Ingram
United States Magistrate Judge

4